WILLIAM BERNAGOZZI, Doing Business as WILLIAM P. BERNAGOZZI & BRO., Claimant, *v.* MITCHELL REALTY COMPANY, INC., Lessor, and THE STATE OF NEW YORK, Defendants.

(Claim No. 18245)

Court of Claims, February 15, 1929.

*Talley & Lamb* [*Charles Lamb* of counsel], for the claimant.

*Cook, Nathan & Lehman* [*Chester Rohrlich* of counsel], for the defendant Mitchell Realty Company, Inc.

*Paul Windels,* counsel for the New York State Bridge and Tunnel Commission.

*Albert Ottinger, Attorney-General* [*Anson Getman, Deputy Assistant Attorney-General,* of counsel], for the defendant State of New York.

PARSONS, J.   This is a claim duly filed with the Court of Claims by the claimant for the value of a leasehold interest of property situated at and known as No. 88 Watts street, New York city. The property, No. 88 Watts street, owned by the Mitchell Realty Company, Inc., was appropriated on the 19th day of January, 1925, by the New York State Bridge and Tunnel Commission to which the State of New York had given the power of eminent domain by virtue of chapter 178 of the Laws of 1919 and acts amendatory thereof, and the notice of appropriation was served on the claimant on the 19th day of January, 1925.

At the time of the appropriation, the claimant was in possession of the property under a lease with the Mitchell Realty Company,

Inc., for a term of five years commencing May 1, 1923, and terminating on April 30, 1928, so that at the time of the appropriation the lease had three years, three months and some days yet to run, and this claim is made for the value of the leasehold interest as the appropriation of the property by the New York State Bridge and Tunnel Commission vacated the lease of the claimant.

On the property upon which the claimant had a lease was a dilapidated four-story brick building that had been originally intended for a stable and had been constructed some fifty years or more. It had a frontage of twenty-one feet on Watts street and a depth on its longer side of eighty and twelve one-hundredths feet and on the shorter side of about sixty-nine feet with a break in the rear thereof and to the rear thereof was an alley or driveway.

The lease was executed by the Mitchell Realty Company, Inc., as lessor, to the claimant, as lessee, and reserved an annual rental of $3,000 per year payable in equal monthly installments of $250. The lease also contained the following provision: " That the tenant shall not assign or sub-let this agreement or under-let or under-lease the premises or any part thereof or make any alterations in the premises, unless commanded to do so by proper public authority, without the landlord's written consent first had and obtained."

It has long been the well-settled law of this State that a leasehold interest is property and the appropriation of this property deprived the claimant of the use of the property and at the same time deprived the landlord or lessor of the rents that the claimant was bound to pay for the period remaining by the terms of the lease. The New York State Bridge and Tunnel Commission having, by the power of eminent domain delegated to it by the State, deprived the claimant of his property interest, such Commission is bound to reimburse the claimant for the damages, if any, that he may have suffered by reason of depriving him of his property. Whatever rights or liabilities may have existed at the time between the Mitchell Realty Company, Inc., and the claimant, this court has no jurisdiction to determine. The only question for the determination of this court is what was the value of this leasehold interest over and above the amount of rent reserved therein. In other words, for what sum over and above the amount of reserved rent could the claimant have taken his lease into the market and sold it on the date of the appropriation.

The question of the value of a leasehold interest is somewhat difficult of determination. If the lessee could assign or sublet the property for more than the amount of rent reserved, then he is entitled to recover from the Commission that amount. That seems to have been determined beyond any question in the case of

*Matter of City of New York (Delancey Street)* (120 App. Div. 700), wherein an award was returned to the condemnation commissioners to determine the value of the fee and the value of the leasehold interest separately, and, in my opinion, this court occupies no position other than that occupied by the condemnation commissioners in that proceeding.

It was determined in *People ex rel. U. S. Rubber Co.* v. *Knapp* (232 N. Y. 153) that the value of the leasehold interest for one year was the rentals received over and above the cost of maintenance, ground rent, taxes and insurance. Therefore, it seems to me that the value of this leasehold interest is upon the same basis except that the tenant had no insurance or taxes to pay.

Therefore, the only question that seems to be presented for determination by this court is would this leasehold interest have any value, or, in other words, could the lessee have gone into the market and sold the lease for more than he was paying in rental.

Upon the trial of this case, several expert witnesses were sworn as to the value of this leasehold. The principal expert for the claimant was a gentleman by the name of Cass who claimed to have some familiarity with the value of leasehold interests in this locality, but upon a further examination, it appeared that his knowledge was entirely theoretical, and he testified that this leasehold interest was worth $5,062.50 on the 19th day of January, 1925, the date of the appropriation. On behalf of the State, two witnesses were sworn who had spent a number of years in buying and selling real property and in leasing property in this immediate locality, and they both testified that the leasehold interest had no value above the amount of rent reserved. In fact, they both testified that the amount of rent reserved under the lease was somewhat greater than the rental value of this particular property. I am inclined to believe that their knowledge of the subject was greater and more substantial than that of Mr. Cass and that this leasehold interest had no value above the amount of rent reserved.

On the trial of the case the claimant attempted to show what was paid for the fee. That was excluded upon the ground that that question was not in this litigation as the amount paid to the owner of the fee had been agreed upon and paid and that the fee value had nothing to do with the value of this leasehold interest.

There was no evidence offered upon the trial of this case that this claimant was even conducting a profitable business in this building.

I am, therefore, of the opinion, after all of the authorities that I have been able to find, that the measure of damages in this case is,

for what sum over and above the amount of rent reserved in the lease could the claimant have taken his lease into the market and sold it to a willing buyer on the 19th day of January, 1925, the date of the appropriation. There is also the provision in the lease against assigning or subletting without the written consent of the owner and no such consent was proven or offered to be proven.

The case should be dismissed on its merits.

POTTER, J., concurs.