GAFNEY PRESS, INC., Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 32313.)

Court of Claims, December 2, 1954.

*Gerald Henley* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Harold S. Coyne* of counsel), for defendant.

MAJOR, J. This is a motion made on behalf of the claimant for an order amending or vacating the findings, conclusions and judgment, on the ground that they contain an error and mistake in the computation of the period for which claimant is entitled to damages.

The decision in the above-entitled claim, which was filed on September 10, 1954, contained the following findings: " 10. There remained a balance of 48 months on said lease from the date of the appropriation to the date of termination thereof. 15. The lease of the claimant had 45 months to run from the date of removal on July 1, 1953 to the expiration of said lease on March 31, 1957. 18. As a result of the appropriation herein by the State of New York, the claimant was evicted from its leased premises and the value of its lease which had 45 months to run was destroyed to its damage in the sum of $6075.00."

It is the contention of the claimant that damages should be awarded from the date of appropriation, April 1, 1953, instead of July 1, 1953, the date on which claimant vacated the premises.

It is undisputed that, after the appropriation date, the claimant made arrangements with the State of New York to continue in possession of the leased premises and paid the agreed rental therefor until the date of removal. Damage is based on loss, and it is claimant's obligation to show such loss. (*Boston Chamber of Commerce* v. *City of Boston*, 217 U. S. 189.)

The general rule is that the damage is computed by ascertaining the value of the unexpired portion of the lease on the appropriation date, less reserved rent, plus the value of irremovable fixtures, equipment and other appurtenances. (*Schreiber* v. *Chicago & Evanston R. R. Co.*, 115 Ill. 340; *Los Angeles County Flood Control Dist.* v. *Andrews*, 52 Cal. App. 788; *Bernagozzi* v. *Mitchell Realty Co.*, 133 Misc. 594; *Bacorn* v. *State of New York*, 195 Misc. 917.)

In the *Schreiber* case above cited, the court held (p. 346): " It is not reasonable that a party should ask to be compensated for the loss of an unexpired term, when, in fact, he has had the full enjoyment of his entire term ".

In *Flood Control Dist.* v. *Andrews* (*supra*), the court commented on page 793: " An anomalous and unbearable condition would be presented if, under that rule, the public could be required to pay for a leasehold interest not taken, but which the lessee held unmolested to the end of the term ".

For three months after the appropriation, an amicable arrangement existed herein between the State and the claimant, whereby the claimant continued to occupy the premises and pay the same rent to the State as paid to the original owner. Claimant suffered no loss for this period. The value of the unexpired term of claimant's lease on the date of the appropriation must be reduced by the value of the time which claimant occupied the premises pursuant to the new arrangement. Therefore, the damage should be computed from the date of claimant's removal. (*Schreiber* v. *Chicago & Evanston R. R. Co.*, supra; *City of Cincinnati* v. *Schmidt*, 14 Ohio App. 426; *Los Angeles County Flood Control Dist.* v. *Andrews, supra.*)

No reason existed requiring the State to counterclaim on this point. Under the arrangement, no rent remained to be paid.

Although the above-cited cases do not apply to damages for a portion of the unexpired lease, they hold substantially that where the tenant occupied and enjoyed the premises during the balance of the term of the lease after the appropriation date, he would not be entitled to compensation for a leasehold interest not actually surrendered. The same logic should apply to a part-time occupancy by agreement.

The claimant, having made arrangements with the State of New York for the occupation of the leased premises, is entitled to damages from the date of removal.

The motion herein is denied.

Submit order accordingly.