Charles T. Major, J.
The above-entitled and numbered claims were filed to recover damages for property appropriated by the State of New York for Oswego Boulevard in the City of Syracuse, New York. Proposed findings of fact and conclusions of law have been filed on behalf of both claimants and the State.
The owners and lessee are entitled to compensation for such damages under these appropriations.
The claimants, Donald T. Pomeroy, Samuel N. McCain, Donald P. Mullin and Robert J. Conan were the sole owners in fee of the property affected.
The B. P. Goodrich Company is a lessee of the entire property, and its lease had six years, two months and seven days to run from the date of appropriation. There were two appropriations: (1) for land taken in fee; and (2) a temporary easement in the remainder. The land affected by the temporary easement was improved by two substantial masonry buildings which The B. P. Goodrich Company used to carry on its business.
The appropriation map and notice set forth the temporary easement as follows:
“ Map of property in the City of Syracuse, County of Onondaga in and to which the Superintendent of Public Works deems the acquisition or exercise of a temporary easement, interest or right to be necessary for purposes connected with the State Arterial Highways passing through cities, pursuant to Article XII-B of the Highway Law, as amended.
“ Temporary Easement for Removing or Razing Buildings and Appurtenances.
“ A temporary easement for the purpose of removing or razing all or a portion of certain buildings also certain appur *379 ten anees for use during the construction of the hereinafter designated highway until the approval of completed work, unless sooner terminated it deemed no longer necessary for highway purposes and released by the Superintendent of Public Works, in and all that piece or parcel * * *.
“ Reserving, however, to the owner of the property, the right and privilege of using this property providing the exercise of such right and privilege does not, in the opinion of the Superintendent of Public Works, or other authorized representative acting for The People of the State of New York, or its assigns interfere with or prevent the user and exercise of the rights hereinbefore described”.
The State project has not been completed. No approval of the completed work has been given. The temporary easement has not been terminated or released by the Superintendent of Public Works. It is still effective and the State may, at any time before such approval, termination or release is given, proceed to perform the acts therein mentioned, such as “ removing or razing all or a portion of certain buildings also certain appurtenances for use during the construction”.
Up to the time of the trial, the State has exercised none of the rights acquired therein, or interfered with the claimants’ buildings, except by cutting off the northeast corner thereof, and the removal of the corner had slight effect on the remainder of the buildings. Conversations were held between the parties pertaining to this, and no proof of damages has been offered except as allowed herein. This temporary easement continues without a date being set for its termination. The period of its effectiveness has not been unnecessarily prolonged, extended or otherwise used to cause it to become permanent.
The damage accruing from a temporary easement is measured by the rental value of property for the period effective. ('United States v. General Motors Corp., 323 U. S. 373, 378; Spencer v. State of New York, 206 App. Div. 376.)
Inasmuch as the claimants were left in possession of the property covered by the temporary easement, by virtue of the reservation therein, and the State has made no entrance upon or taken physical possession thereof for any purpose, and the claimants have continued to possess and use the same in about the same manner as prior thereto (except for the premises taken in fee), the damages up to the date hereof are only nominal.
It is unreasonable that a party should be compensated for the taking of a temporary easement when, in fact, it has not interfered with his enjoyment and use of the property subject thereto. (Schreiber v. Chicago & Evanston R. R. Co., 115 Ill. *380 340; Los Angeles County Flood Control Dist. v. Andrews, 52 Cal. App. 788.) Damage is based on loss and it is claimants’ obligation to show sncb loss. (Boston Chamber of Commerce v. Boston, 217 U. S. 189; Gafney Press v. State of New York, 206 Misc. 1070.)
This disposition is without prejudice to any subsequent proceedings on the part of claimants for the recovery of damages which they may hereafter sustain by reason of such temporary easement, should any damage arise.
Before its surrender, considerable and substantial damage may be inflicted upon the claimants or their successors, and/or the temporary easement, under certain conditions, may be' adjudicated to have become permanent. This is a question of fact.
In appropriation proceedings, if only a portion is taken, the owner is entitled to damages measured by the difference between the fair market value of the entire property and that which is left, including all damages to the remainder, occasioned by the use to which the portion taken is to be put. (Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583 and cases cited; Syracuse Grade Crossing Comm. v. Delaware, Lackawanna & Western R. R. Co., 197 Misc. 192.) A tenant or lessee has an interest in leased land, and if all or any part thereof is taken for public use, he is entitled to be paid for his loss, and the award should be apportioned between the owner and the tenant according to their respective interests — the owner for damage to his reversion and the tenant for damage to his leasehold interest. The sum total cannot exceed the total value of the premises. (Matter of Daly, 29 App. Div. 286; Matter of Trustees of N. Y. and Brooklyn Bridge, 137 N. Y. 95, 97.)
On the trial, the State took the position that it had no interest in the rental value of the premises. It was held in the case of Ettlinger v. Weil (184 N. Y. 179, 183) that “ Rental value tends to prove fee value, because other things being equal, the income from property is a measure of its market value.” It is one of the many things bearing on the ultimate finding of the value of the fee. The rent reserved may also be some evidence of that value. (Goelet v. National Sur. Co., 249 N. Y. 287, 295.)
The objection of the State to testimony of Frank K. Curtis pertaining to costs of rental, repairs and decoration of a different building, and the purchase of equipment, at a total cost of $2,141.76, is sustained.
The court has also submitted findings herewith.