ALVAH F. STAHL, Plaintiff, *v.* BERTHA NORWICH and Another, Appellants, Impleaded with JOSEPH H. OBERLIES, Respondent.

Fourth Department, March 7, 1923.

Mortgages — foreclosure — purchaser cannot secure possession of fixtures removed by mortgagor and delivered to third person by ex parte order granted under Civil Practice Act, § 985, requiring sheriff to put him in possession.

The right of a purchaser at a mortgage foreclosure sale to be put in possession of certain fixtures removed by the mortgagor and delivered to a third person cannot be enforced summarily by an *ex parte* order granted under section 985 of the Civil Practice Act directing the sheriff to put the purchaser in possession of the fixtures, for the mortgagor and the third person are entitled to a trial of the question as to whether or not the mortgage covered the fixtures removed.

APPEAL by the defendants, Bertha Norwich and another, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 2d day of October, 1922, denying their motion to set aside an order entered in said clerk's office on the 30th day of August, 1922, directing the sheriff of the county of Monroe to put respondent in possession of certain property, with notice of intention to bring up for review the last-mentioned order.

*Eugene Van Voorhis*, for the appellants.

*William W. Armstrong*, for the respondent.

SEARS, J.:

Upon the foreclosure of a mortgage made by the appellants, Bertha Norwich and another, the property was purchased at the sale by the respondent Oberlies. The mortgaged property was a dwelling house and lot in Rochester, the building having been erected by the mortgagors. The appellant Norwich was in possession of the mortgaged property at the time of the sale, and failing to surrender possession, the respondent Oberlies was put in possession by the sheriff upon an order in the nature of a writ of assistance. The respondent then discovered that certain articles which had previously been in the house, consisting of electric

chandeliers and fixtures, closet hooks and shelves from the closets, door knobs in the upper hall clothes closets, bathroom fixtures, medicine cabinet shelves, door bumpers, drip board and fixtures in the kitchen sink, benches in the breakfast room and the wine racks in the cellar had been removed. The respondent also learned that certain of these articles had been delivered by the appellant Norwich to the appellant Ciesielski. The respondent then applied to the Special Term and obtained an order requiring the sheriff of Monroe county to put the respondent Oberlies in possession of these articles. This order was granted *ex parte*.

The appellants moved for an order to vacate and set aside the order requiring the sheriff to put the respondent in possession of such articles, but the motion was denied on the theory that all the articles were real estate, or, if not, were personal property covered by the mortgage by virtue of a provision of section 254 of the Real Property Law and that Ciesielski stood in no better position than the appellant Norwich, as his acquisition of the articles was subsequent to the date of the filing of the notice of the pendency of the action. The mortgage was not in the form specified in section 254 of the Real Property Law (as amd. by Laws of 1917, chap. 682), and that statute has no application.

From the affidavits it is clear that Ciesielski acquired no title to any of the property before the date of the filing of the notice of pendency of the action, and he stands in no better position than the defendant Norwich. The only question, therefore, for determination is whether the controversy between the parties as to whether the articles were covered by the mortgage can be adjudicated in this summary manner.

An order such as was granted in this case, taking the place of the writ of assistance, now abolished (Civ. Prac. Act, § 985), is the proper process by which the purchaser at a foreclosure sale is put in possession of the mortgaged real estate, but the question here involved is whether the property described in the order was or was not real property. The purpose of the foreclosure action was to realize upon the security given for the debt, and by the sale the security given, that is, the real estate, passed to the purchaser, the respondent here. What the mortgaged property consisted of was not involved in that litigation and the claimants are entitled to a trial of the question as to whether or not the mortgage covered the articles described.

Whether these electric fixtures, for example, were or were not a part of the real estate is by no means a simple problem. (*Wahle-Phillips Co.* v. *Fitzgerald*, 225 N. Y. 137.)

Evidence would be receivable as bearing upon this question,

and orderly procedure would require a trial and not such a summary disposition as occurred in this case.

In *Stillwell* v. *Hart* (40 App. Div. 112) a party to a foreclosure action, sought to be removed by virtue of a writ of assistance, claimed that his lien was superior to the mortgage. This was controverted. The court held that this question was not involved in the mortgage foreclosure, that he was entitled to a trial of the question, and that he could not be summarily removed by virtue of the writ of assistance.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the order of August 30, 1922, granted, with ten dollars costs.

All concur.

Order appealed from reversed, with ten dollars costs and disbursements, and motion to vacate the order of August 30, 1922, granted, with ten dollars costs.