In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK to Acquire Title to Lands of ISAAC G. JOHNSON AND COMPANY, in the City of New York, Counties of Bronx and New York, Boroughs of The Bronx and Manhattan, and Necessary for the Improvement of the Harlem River and Spuyten Duyvil Creek, Pursuant to Chapter 414 of the Laws of 1913, Respondent, Appellant, against ISAAC G. JOHNSON AND COMPANY, Appellant, Respondent.

First Department, February 4, 1927.

**Eminent domain — condemnation of property in New York city for navigation purposes — after proceedings were begun owner deeded property to State under agreement for such compensation as should be awarded — owner not entitled to award for personal property rendered almost valueless by appropriation of real property — costs — additional allowance to owner was proper on ground that case was difficult and extraordinary — fact that deed was given before proceedings closed does not prevent award of costs under Condemnation Law, § 16 — owner not entitled to damages for loss of good will.**

In proceedings by the State to condemn water-front property on the Harlem river for navigation purposes, the owner was not entitled to an award for personal property, consisting of tools and other unattached equipment, raw materials and supplies located at its plant, although the act of appropriation made such personal property of little value.

An award of an extra allowance of five per cent to the owner was properly made, since it appears that the case was difficult and extraordinary in that more than two and a half years were consumed in the hearings, of which there were 268; that many witnesses were examined, including highly technical experts; and that large sums of money were expended for maps, papers, appraisals and engineers' reports.

The right to costs and an extra allowance is not affected by the fact that after the proceeding was begun the owner deeded the property to the State in consideration of the amount that would be awarded in the condemnation proceedings, for at no time was the State precluded from making an offer, under section 16 of the Condemnation Law, which would have deprived the owner of costs if the amount of the award had been equal to or less than the offer.

The owner is not entitled to an award for the loss of good will of the business conducted at the plant appropriated by the State.

CROSS-APPEALS by the defendant, Isaac G. Johnson and Company, and the petitioner, The People of the State of New York, from certain parts of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of March, 1926, upon a motion to confirm the report of commissioners in condemnation proceedings.

The defendant, Isaac G. Johnson and Company, appeals from

so much of said final order as refuses to make an award to the defendant for good will.

The plaintiff, The People of the State of New York, appeals from so much of said order as amended the report of the commissioners by adding thereto $117,526.68, granted defendant's motion for additional allowance of costs, and awarded costs of the proceeding to the defendant.

*A. S. Gilbert* of counsel [*Albert Ottinger, Attorney-General*], for the petitioner.

*Martin Conboy* of counsel [*Morgan J. O'Brien* and *Harry B. Chambers* with him on the brief; *John Jay McKelvey*, attorney], for the defendant.

McAvoy, J.   There are cross-appeals here: By the People from the provision of the final order which awards damages to the landowner in a condemnation proceeding in the sum of $117,526.68 for personal property used in connection with its plant, such as tools and other unattached equipment, raw materials and supplies located at the plant, used or intended to be used in its operation, and from that provision containing a grant of an additional allowance of costs amounting to five per cent of the award made by the commissioners and confirmed in the order in the sum of $194,317.02, and besides from the allowance of ordinary costs as in an action.   The defendant owner appeals from the adjudication in the final order refusing any award for the item of good will which it asserts was destroyed by the enforced stoppage of operation of the plant when the State took over the land and buildings where such operation was carried on.   The proceeding was unusual in one of its features, because instead of the State's making payment of the sums awarded in the final order to vest title in the People as provided in the Condemnation Law, negotiations were had between the State officers and the officers of defendant which resulted in a deed being given by the defendant for the property which was sought to be acquired by the State so that it might be ceded to the Federal government for the ultimate widening and straightening of the Harlem River Ship Canal.   This deed was given with a full reservation of all rights to damages for compensation for property tangible and intangible which might be fixed in the condemnation proceeding then proposed and for which a petition had already been filed.

The proceeding herein was instituted by petition verified March 16, 1923.   The defendant answered the petition on March twenty-seventh and the judgment of condemnation was entered on the 30th of April, 1923.   On the 28th of March, 1923, the defendant

executed and acknowledged a deed of the property heretofore described, which was the subject of the condemnation proceeding, and the defendant delivered this deed to The People of the State of New York on April 30, 1923, the date of the entry of judgment of condemnation.

The deed provides that the property is conveyed in consideration of the sum of one dollar, and " an amount equal to the amount which shall finally be awarded to the party of the first part in a condemnation proceeding heretofore instituted by the party of the second part against the party of the first part relative to the lands hereinafter described, together with interest thereon at the rate of 6% per annum to be computed from the date of delivery of this deed." After this deed was delivered, the commissioners of estimate who were appointed by the judgment entered on the same date, took proof offered by both sides of the values of the various kinds of property for which the claimant sought damage, and made a report after submission which awarded to the defendant for the property taken the total sum of $3,275,000. This award was made up of specific allowances for land, buildings, fixtures, certain additional material, and auxiliary equipment. The commissioners did not make any award for the items of personal property and they stated specifically in their report that they had not included it. Upon the motion for confirmation of the report, however, the learned justice at Special Term decided that the commissioners should have included in their award the sum of $117,526.68 as the amount of damage to personal property necessarily in use in the conduct of the defendant's business at the time of the condemnation proceedings and rendered unavailable for further use by the necessary discontinuance of the business. This the State contends is an erroneous determination, and asks to have this item for damages to personal property struck out because the sole property conveyed by the defendant to the People of the State was the real property described in the deed and in the petition for the condemnation of the property and in the judgment of condemnation. It is said that such property was solely that which is considered as land including building and fixtures, and that no personal property was referred to either in the deed or petition or in the judgment.

The defendant asserts that since this personal property was used or intended for use in the operation of the business conducted by the defendant on the land purchased by the State, it is entitled to collect from the State as damages the difference between what the personal property was worth on the day of condemnation and vesting under the deed, and the value of the personal property as removed from the plant; since this property was intended for use

in connection with a going concern and could not be availed of in any other business without its removal and sale elsewhere, and on such removal, because of its kind and nature, would be of little or no value over the cost of removal, and consequently the value of the property was wholly or in large part destroyed when the plant ceased to operate. It is conceded that none of these items which are numerous and varied in character can be classed legally as fixtures. They are not attached to the structure but are movable and are legally personal property. Their value as used or ready for use in the operation of the plant is stipulated to be $152,000. Their value as separate items of personal property upon the discontinuance of the business, that is, their salvage value, has been established by the amount realized at auction sale under the stipulation of the parties to be $34,473.32. The amount of the award by the learned justice at Special Term is the difference between the salvage value and the value of the items as in use. While this is a substantial item of damage and would appear as a matter of first impression to be a proper basis for an award, yet the rule in this State, although somewhat confused by the seeming use of the term readily removable fixtures as describing personal property, is against the payment for any personal property in a condemnation of land by the State which remains the property of the claimant, except in the instance of awards of consequential damage to land or actual appurtenances thereto which still remain the property of the owner. The rule is that the court is to determine whether the article taken is personal property or is a fixture. If it is a fixture, it is taken as part of the real estate. If it is not a fixture, it does not go with the land. The value of fixtures ought, according to the latest ruling in the Court of Appeals, be considered in estimating the total value of the property appropriated by the State. For the enhancement of value due to the presence of fixtures in a factory or warehouse, the owner should be compensated in the land award. (*Jackson* v. *State of New York*, 213 N. Y. 34.)

We are not persuaded that the *Banner Milling* case, which is relied upon by the claimant as authority and which affirmed a judgment of the Court of Claims, can be relied on as holding that pure personal property may be compensated for as though it were fixtures. (*Banner Milling Co.* v. *State of New York*, 240 N. Y. 533.)

While the Court of Claims' opinion (117 Misc. 33), which is not that upon which the judgment was affirmed, makes a distinction between what it calls fixtures not fairly removable and fixtures fairly removable, yet there is no distinction as a matter of law. If that which is damaged or lost be fixtures, it may be com-

pensated for and nothing in the *Banner Milling* case justifies an award for personal property contrary to the rule which has uniformly been sustained. The *Jackson Case* (*supra*), on which the *Banner Milling* case was decided, holds in effect that an appropriation of land, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and this is no novel ruling but that which had been frequently held. We conclude then that the award for personal property was erroneous and must be refused.

As to the appeal by the Attorney-General from the award for an additional allowance of costs, we think the order should be affirmed in so far as the order directs the payment of costs and an additional allowance of costs. It is not controverted by the State that this was a difficult and extraordinary case. (See Civ. Prac. Act, § 1513.) It consumed over two and one-half years; 268 hearings were held, and there were thirteen volumes of minutes. Forty witnesses were examined; some highly technical experts, whose examination required technical study; over 300 exhibits were put in evidence and there was over $125,000 spent by the owner for maps, papers, appraisals and engineers' reports, and counsel fees of over $100,000 on account have been paid. There seems to be no question raised by the State as to the amount of costs, the objection thereto relating merely to the right of the owner to the benefit of the provisions of the Condemnation Law respecting an award of costs and additional allowance of costs, as prescribed in section 16 of that law. The contention of the State in this respect is that, since the property was taken over by deed and not by condemnation, the proceeding to assess damages before the commissioners appointed in the judgment of condemnation was a mere arbitration and that the statutory provisions for the allowance of costs and an additional allowance of costs have no application to this proceeding, because of the provisions of the deed delivered and the recitals of the stipulation with respect to the method of assessing the damages for the property acquired.

We think this a narrow and constrained contention and that it may not be upheld. There was a petition for this condemnation proceeding, an answer filed, judgment of condemnation rendered, commissioners were appointed and the usual proceedings to assess values were had before them. The commission filed its report, and that report was confirmed by final order, and although the final order did not vest the property in the State because the deed had already done so, the proceedings were otherwise as though no deed had been given. That the State could not have made the

19

offer provided for in section 16 of the Condemnation Law so as to avoid costs and an additional allowance of costs, because of the arrangement of the parties for delivery of a deed of the property prior to the filing of the petition cannot now be contended, because prior to the service of the petition and notice of presentation to the court such an offer might have been made notwithstanding this arrangement and within ten days thereafter filed in the office of the county clerk of the county where the property is situated. No obstacle of covenant or stipulation was preventive of this procedure. The State was thus always in a position to make its offer, so that if the claimant received less in the final order by way of an award, no costs or additional allowance could have been granted.

We think, therefore, that the direction of the order for costs and additional allowance of costs was correct.

There now remains the question of an award for good will of a going business, which both the commissioners and the learned justice at Special Term refused to grant. There are very cogent arguments for the granting of an award for the destruction of good will, and there can be no doubt that a good will did exist as an attribute of this business carried on at its plant. Neither is there doubt that the good will, by the taking of the plant, was either destroyed or damaged in a substantial manner, for the loss of which the owner is deprived of remedy if no compensation is awarded. But there are direct authorities in this State and in the United States which prevent any inclusion in the award of this item. The recent case of *Banner Milling Co.* v. *State of New York* (*supra*), of which we spoke heretofore in connection with the claim for damage to personal property, is a direct authority against its granting. In *Mitchell* v. *United States* (267 U. S. 341), a recent war seizure case, the ruling is against damages being awarded for the destruction of the good will of the business; such destruction is said to be " an unintended incident of the taking of land." It seems obvious to us that even the good will which is taken and which it is difficult again fully to utilize elsewhere because of the condemnation of lands and buildings, is not an awardable item of damage. The basis of the damage, the inability of the owner to remove his plant elsewhere or carry on his business at all in another place, is always present in a claim for damage to good will when such a claim is invoked, and we find no novel feature in the assertions of the claim here.

We think, therefore, the order should be affirmed in so far as it denies damages for good will.

The order should be reversed in so far as it awards damage for personal property and affirmed as to award for costs and additional

allowance of costs and likewise affirmed in refusal to grant damage for impairment or destruction of good will of the business.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed in so far as it awards damages for personal property, and in all other respects affirmed.   Settle order on notice.