12 N.Y.2d 285 (1963)
(A) VITO MARRARO, Doing Business as PLAZA PHARMACY, Respondent,
v.
State of New York, Appellant.
(B) Josephine Caruso, Doing Business as C. Caruso & Son, Respondent,
v.
State of New York, Appellant.
(C) Aber-Dulberg, Inc., Respondent,
v.
State of New York, Appellant.
(D) East Hills Cleaners & Dyers, Inc., Respondent,
v.
State of New York, Appellant.
Court of Appeals of the State of New York.
Argued January 9, 1963.
Decided February 28, 1963.
Louis J. Lefkowitz, Attorney-General (Jean M. Coon and Paxton Blair of counsel), for appellant.
Robert J. Randell for Josephine Caruso and Vito Marraro, respondents.
Mendel Lurie and Edward L. Sadowsky for Aber-Dulberg, Inc., and East Hills Cleaners & Dyers, Inc., respondents.
Chief Judge DESMOND and Judges DYE, BURKE, FOSTER and SCILEPPI concur with Judge VAN VOORHIS; Judge FULD concurs in result in a separate opinion in which all concur.
*289 VAN VOORHIS, J.
These four appeals, argued together, are from judgments entered upon orders of the Appellate Division, Third Department, which affirmed, modified or reversed judgments of the Court of Claims in condemnation cases. Each concerns an award to a tenant for fixtures. The appeals involve what fixtures are compensable to tenants, whether the so-called unit rule is to be applied whereby fixtures are evaluated in eminent domain only to the extent that they enhance the value of the freehold, whether claims by tenants in such instances are concluded by clauses in the leases terminating them in event of condemnation and, if not, and if the unit rule is not to be applied, what shall be the measure of damages. Before discussing these questions the cases will be tabulated so as to show, at a glance, what is involved:

 Tenant's Business
 and Nature of Disposition by Disposition by
 Case Fixtures Court of Claims Appellate Division
 A Pharmacy  Dismissed on Reversed and
 Trade fixtures, ground that judgment granted
 piping and wiring evidence of to claimant for
 servicing same reproduction cost $8,942
 less depreciation
 was insufficient proof
 B Dress cutting  Dismissed on ground Reversed and
 Window lettering, that evidence of judgment granted
 cutting table and reproduction cost to claimant for
 storage bin, raised less depreciation was $895
 floor platform, etc. insufficient proof
 and piping and wiring
 for space heater,
 flue exhaust, etc.
 C Supermarket  Light fixtures and Award
 Light fixtures and clothes closet not increased by
 wiring, clothes closet, compensable as mere $2,900.70 found to
 walk-in refrigerator, personalty; other be value of walk-in
 fruit and vegetable items held to be refrigerator after
 stand, shelving, compensable to tenant removal of the
 plywood wall covering, as custom built or motor and floor
 dairy cases, wood and specially adapted panel: also
 window lettering, for premises, but including plumbing
 spot-lights walk-in refrigerator and electrical
 and dairy cases connections which
 disallowed from were allowed
 having been
 removed in whole or
 part  plumbing
 and electrical
 connections also
 disallowed; reproduction
 cost less depreciation
 applied
 D Dry cleaning  No compensation for Affirmed
 Dry cleaning machine, portion of fixtures
 dryer, gas, water, removed; dryer and
 air and oil ducts or light fixtures
 piping, lighting disallowed as mere
 fixtures and wiring, personalty; other items
 linoleum, counter, allowed as custom built
 clothes racks, plywood or specially adapted for
 wood covering, premises on basis of
 neon sign reproduction cost less
 depreciation  award
 $8,869

The pattern of the briefs for the State in appealing is the same in each case. The first point is that, when property is taken which is subject to diverse interests, the State's obligation is only to pay compensation for the total value of the fee computed as if ownership were undivided  viz., under the so-called unit rule, that the tenant at most can receive as an award for fixtures no more than the amount by which the entire building's value is enhanced by the particular claimant's fixtures. The second point, in each instance, is that, if the tenant's interest is not limited to the amount by which his fixtures enhance the value of the fee, the award must be limited to the salvage value of the fixtures. The third point is that in any event the evaluation of a tenant's interest should not include the value of items which were removed or were so removable as to constitute mere personalty, nor should it include items so installed as to become part of the fee.
*291 The Court of Claims and the Appellate Division have both endeavored to follow the rationale of appellant's Point III. There is no dispute about the law that mere personalty is not compensable in a condemnation proceeding of the real estate, nor that a separate award cannot be made for fixtures if what are claimed to be fixtures have become an integral part of the real property. The Court of Claims and the Appellate Division have endeavored to apply these principles to the facts in each case, and we believe that they have done so correctly.
The State's contention under Point II is not sound, that only salvage value of fixtures may be allowed. This was considered in Matter of City of New York [Allen St.] (256 N.Y. 236, 243) where the majority opinion by Judge LEHMAN says that, notwithstanding a clause in a lease providing for its termination upon the vesting of title by eminent domain and that no portion of the award shall be paid to the tenant for his leasehold interest, the tenant retains the right to compensation for his interest in any annexations to the real property which, but for the fact that the real property has been taken, he would have had the right to remove at the end of his lease (citing Matter of Mayor of City of N. Y., 168 N.Y. 254; Poillon v. Gerry, 179 N.Y. 14). It is thus clear that although the tenant, under such a lease, loses his right to compensation for his leasehold, he does not lose the right to be paid for his removable fixtures. Likewise Judge LEHMAN'S opinion points out that, even though in that case the lease had only five months to run, the parties might have chosen to preserve the value of the fixtures "either by renewal of the lease or by transfer of title to the fixtures from the tenant to the owner of the fee. Choice lay with the tenant and landlord, and how that choice would have been exercised rests in speculation which does not concern the courts in this jurisdiction." (256 N. Y., p. 249.)
In Matter of City of New York (192 N.Y. 295) the rule was expressly rejected that the value in condemnation "should be based upon the value of the particular property after it had been detached from the building at the expiration of the demised term of the said Conron Brothers, with the value of the use of said property for the unexpired term" (p. 299).
We now come to the first point raised by the State upon these appeals, which is that, since landlords have been said to be *292 entitled to no separate awards for their fixtures, the real property appropriated for the public purpose must be appraised as a unit, enhanced, as it may be, in value by the fixtures of the tenants, and that the tenants severally are entitled to share in the awards to such extents only as it may be held that their particular fixtures enhanced the value of the entire building. The Court of Claims held with the State on this principle of law which it asserted in proceedings A and B above. The Appellate Division reversed, stating in its memorandum of decision in Case A: "It would impose an intolerable burden upon a small store or shop owner to prove how much his shop enhanced the value of a very large and expensive building. When he proves the `sound value' of his fixtures by competent evidence which is not disputed, certainly the State should not take his property without compensation."
At the risk of reciting platitudes, it may clarify the controversy if brief reference is made to the general law of fixtures in eminent domain. An appropriation of land by the State, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and the value of the fixtures must be included in determining the total value of property so appropriated (Jackson v. State of New York, 213 N.Y. 34). They are part of the realty so long as they remain fixtures (Matter of Willcox, 165 App. Div. 197, 200). Mere personalty, even though used in conjunction with real property, is not compensable at all (cf. Madfes v. Beverly Development Corp., 251 N.Y. 12, holding gas ranges not to be fixtures but mere personalty; Stahl v. Norwich, 204 App. Div. 552, holding ordinary lighting fixtures to be mere personalty), and personal property which has lost its identity by becoming a structural part of a building can no longer become the subject of a separate award (Matter of City of New York [Delancey St.], 120 App. Div. 700). Between these extremes are articles which are sufficiently annexed to the freehold so that they would pass between vendor and purchaser yet may be held to be removable by a tenant if the right to remove them is expressly reserved in the lease or implied from the circumstances. In such cases, the condemnor is obliged to pay for them on the basis that they are part of the real property being appropriated, but, as between the owner and his tenants, they are the property of the tenant *293 who has retained the right to remove them. Many cases could be cited on these principles which have developed through an evolutionary process. The fixtures must be removable without causing substantial injury to the freehold, although they may be still compensable even though they themselves might be injured in being removed from the building (Matter of City of New York, 192 N.Y. 295, supra). The development of the law on this subject was spelled out by Justice RUMSEY in Matter of Mayor of City of N. Y. (39 App. Div. 589, 594 et seq.) as follows: "There is practically no dispute upon the evidence that, as between vendor and vendee, a very large portion of this machinery would have been regarded as a fixture, and, therefore, if the premises had been sold by contract between two individuals the machinery would go with the land. Does this law of fixtures apply to this class of cases? In answering that question it is to be remembered that by the original rule of common law everything which was affixed to the freehold was considered to be a part of it. (2 Kent Com. 343.) The law of fixtures was evolved out of a desire on the part of the courts to protect those who, having an estate less than a fee in the land, had made improvements upon it which, if they could not retain, would be lost to them, and in the effort to protect the interests of those persons there has grown up gradually a rule, in derogation of the common law, by which persons who put upon the land improvements would be permitted to retain them, unless they were so placed as that their removal would injure a portion of that which necessarily belonged to the freehold."
So much for generalities. We are now faced with the specific problem posed by the Court of Claims versus the Appellate Division decisions in Cases A and B above, whether the whole real property is to be evaluated with the fixtures included, followed by findings of the extent to which the value of the whole is enhanced by the fixtures of each tenant separately who are to be compensated for their fixtures by sharing pro rata in the total award, or whether the real estate is to be appraised minus enhancement due to these tenants' fixtures, with the fixtures belonging to each tenant to be evaluated separately. There is respectable authority for the former procedure, impractical as the Appellate Division has found it to be in the cases under review. In this State, Matter of City of New York [Allen St.] (256 N.Y. 236, supra) *294 looks in that direction (p. 249): "To the extent that the value of the real property as a whole is enhanced by the fixtures annexed thereto, the value of the fixtures must be included in what the city pays, and the tenant is entitled to part of the award, not because the fixtures added to the value of the leasehold, but because they belonged to him and their value enters into the value of what the city has taken."
In that, as in other cases cited in appellant's brief, the point was really not at issue. The same is to be said of the dictum based on the Jackson case (supra) in Matter of People v. Johnson & Co. (219 App. Div. 285, 288, affd. 245 N.Y. 627). In Matter of City of New York (101 App. Div. 527) neither the value nor measure of value of the fixtures was contested where the dispute was between landlord and tenant concerning which was entitled to the amounts awarded for those installations. It was held that lessees were entitled to such portions of the condemnation award as represented the value of fixtures placed by tenants upon the demised premises which they were entitled to remove at the expiration of their leases. Other fixtures were not capable of removal, and those (it was held) the tenants did not own with the consequence that the amounts awarded for those items went to the landlord. The bone of contention there concerned which fixtures were removable and which had become an integral part of the real property. Neither do the cases of Matter of City of New York (Delancey St.) (supra) nor Tinnerholm v. State of New York (15 Misc 2d 311) apply, which are cited by the State, inasmuch as these held that buildings cannot be valued in condemnation apart from the land, which is irrelevant to this controversy, and that a leasehold interest becomes valueless in the face of a clause in the lease terminating it in event of condemnation. Law on the latter subject is equally irrelevant. Nothing has been allowed here for the value of the leaseholds, which is different from an award to tenants to compensate for fixtures which they have supplied at their own expense and, as between them and the landlord, they are entitled to remove. Cases holding that where leaseholds have value  as these did not  the measure of damage is to carve the value of the leasehold out of the value of the property as a whole, have no bearing upon whether a tenant's fixtures are to be evaluated by the extent to which they enhance the value of the building. Cases applying *295 to the valuation of leasehold interests rather than fixtures installed by tenants are not in point (viz., Matter of City of New York [Washington St.], 272 App. Div. 826; Matter of City of New York [Seventh Ave.], 196 App. Div. 451; Matter of Daly, 29 App. Div. 286; Esso Std. Oil Co. v. State of New York, 10 A D 2d 760; Pomeroy v. State of New York, 18 Misc 2d 377).
The recent decision in Lewiston v. State of New York (17 A D 2d 912) involved fixtures but the reason on account of which no award was made to the tenant was that an equivalent in value had already been allowed to the landlord. The Appellate Division said in that case that the tenants "were not made a party to this action and apparently an award was made to the fee-owners by the Trial Judge for whatever interests all of the parties had, including the value of the fixtures". The court continued by stating that the rights of all the parties should have been adjudicated upon the trial but, since they had not been, "It would be most unfortunate if the award herein was to be vacated and trial de novo ordered simply to determine the interest" of the tenants which at best was small. The matter was remanded to the Court of Claims for determination of the tenants' claims to fixtures to be collected out of the total award previously made.
Circumstances do alter cases where fixtures are concerned, as was recognized by the Federal Court of Appeals in this circuit in United States v. City of New York (165 F.2d 526) where the opinion by Judge LEARNED HAND said (p. 528): "Although the `Unit Rule' would seem to be in the shadow-land between substance and procedure, and as to the last we look to the state law, we shall not try to assign any place to it, because we are not aware of any ascertainable difference upon the point between the state and the federal decisions. Indeed, we think that it is an undue simplification to extract from the books any `Unit Rule' whatever, in the sense of general authoritative directions. What has happened, so far as we can see, is that, as different situations have arisen, the courts have dealt with them as the specific facts demanded."
Here we are not dealing with a situation where fixtures are owned by the owner of the fee (Banner Milling Co. v. State of New York, 240 N.Y. 533) nor where personal property has entered into the structure of a building, nor with machinery or *296 equipment which is functional to the whole structure (Jackson v. State of New York, supra) nor with any portions of fixtures which actually have been removed (Matter of City of New York [Triborough Bridge], 159 Misc. 617, 633, affd. 257 App. Div. 940, motion for leave to appeal den. 282 N.Y. 808). Neither is this mere personalty (Matter of People v. Johnson & Co., 219 App. Div. 285, affd. 245 N.Y. 627, supra).
As Judge LEARNED HAND said in the United States v. City of New York case (supra), there is no all-inclusive "Unit Rule" but courts have dealt with this issue as the specific facts demanded. A case like the present, with a large building peopled by different tenants with individual trade fixtures, differs from a single factory or warehouse, where it is entirely appropriate that the machinery should be valued according to its enhancement of the value of the building.
Nichols on Eminent Domain (Sackman ed.) continues by saying (§ 13.12 [1]): "The `unit rule,' while enunciated time and again, has not always been applied practically even in the cases which give lip service to the rule. Hence, the universality of its application has been expressly doubted. [citing United States v. City of New York, 165 F.2d 526, 1 A L R 2d 870, supra per LEARNED HAND, J.]. The rule yields also to exceptional circumstances, i.e., where the character of the property is such that market value is not the best test, separate evaluation may be resorted to."
As the Court of Claims indicated in Cases C and D, where, as these fixtures were found to be, they are custom built or expressly adapted to fit the premises, the rule of reproduction cost less depreciation is seemingly suited to the purpose by a somewhat similar principle to that which has been applied in the assessment of real property in specialty cases such as the People ex rel. New York Stock Exch. Bldg. Co. v. Cantor case (221 App. Div. 193, affd. 248 N.Y. 533) or People ex rel. New York Athletic Club v. Chambers (272 App. Div. 895, affd. 297 N.Y. 986).
Although it is true that electric wiring and plumbing connections would ordinarily be an integral part of the real estate (Matter of City of New York, 101 App. Div. 527, supra), in this instance it has been found, in effect, that these connections were easily removable and had been put in by the tenants solely to service fixtures installed for the individual purposes of their *297 several occupancies (cf. Matter of City of New York [Whitlock Ave.], 278 N.Y. 276).
Each judgment should be affirmed, with costs.
FULD, J. (concurring).
Although I agree with the disposition of these appeals, I am impelled to add these few words to state the precise ground of my concurrence.
The question presented is whether evidence of reproduction cost less depreciation constitutes sufficient proof of the value of the tenant's fixtures. In my opinion, two decisions  Matter of City of New York (Allen St.) (256 N.Y. 236) and Matter of City of New York (198 N.Y. 84)  give us the answer to the question. In the Allen Street case, this court held that the value of the fixtures must be included in the award "To the extent that the value of the real property as a whole is enhanced by the fixtures annexed thereto" (256 N. Y., at p. 249). If the fixtures are owned by the tenant, he is entitled to an award for them "not because the fixtures added to the value of the leasehold, but because they belonged to him and their value enters into the value of what the city has taken" (p. 249). And, in the second case (Matter of City of New York, 198 N.Y. 84, supra), the court held that, in determining the enhancement in value of land by improvements thereon, whether designated building or fixtures, evidence of reproduction cost less depreciation is relevant and admissible. In the case before us, the Appellate Division was correct in its statement that proof by the tenant of "the `sound value' [i.e., reproduction cost less depreciation] of his fixtures by competent evidence which is not disputed" is "sufficient proof of damages." (Marraro v. State of New York, 15 A D 2d 707).
Judgments affirmed.