RIDINGS, ET UX. *v.* STATE ROADS COMMISSION OF MARYLAND

[No. 172, September Term, 1967.]

396 

 

 

 

*Decided April 2, 1968.*

The cause was argued before HAMMOND, C. J., and HOR-
NEY, MARBURY, McWILLIAMS and FINAN, JJ.

*Bernard F. Goldberg,* with whom was *Jerome A. Longhran,
Jr.,* on the brief, for appellants.

The Court declined to hear argument for appellee (*Francis B. Burch, Attorney General, Joseph D. Buscher, Special Assistant Attorney General, Herbert L. Cohen, Special Attorney,* and *J. Thomas Nissel, Special Attorney,* on the brief).

HORNEY, J., delivered the opinion of the Court.

This appeal from the award of damages in a condemnation proceeding presents a question of whether the trial court erred in refusing to admit evidence of consequential damage to personal property of the condemnees used in the operation of a tavern on the condemned land but not taken by the condemnor.

The condemnor-appellee is the State Roads Commission. The condemnees-appellants are Kenneth and Mary Ridings. The condemned property, which was zoned for commercial usage and contained 27,747 square feet of land improved by a tavern and restaurant, a "retail" building leased as a fruit and vegetable stand and barber shop, and a dwelling occupied by the owners, is located in Howard County and is bounded by U. S. Route 29, Montgomery Road and Old Columbia Pike.

The necessity for the taking and the authority to do so, having been conceded, the only function of the jury was to ascertain the amount of damage sustained by the property owners. The total award amounted to $105,000.

Apart from the land and the improvements, certain items of firmly affixed personal property, such as the bar, back bar, bar counter, sink, burglar alarm, screens, air conditioner, electric wiring and a walk-in refrigerator, were in place inside the tavern. A list of these items and the estimated value of each were submitted to the jury. Also in the tavern, there were certain other items of readily movable personal property, such as stools, chairs, coolers, glasses, dispensers, cabinets and various types of machinery, which are normally found in a bar and restaurant. As to these (all of which were conceded to be personal property and not fixtures), the condemnees proffered the testimony of an expert in the sale of new and used restaurant and tavern furnishings and equipment with regard to the before and after taking valuations of such items for the purpose of showing the consequential damages allegedly sustained by the owners as a result of the taking of the premises. The con-

demnor objected to the admissibility of the proffered evidence and the objection was sustained.

The trial court submitted the question of the character or nature of the firmly affixed items (as distinguished from the readily removable items) to the jury for a determination as to which of the items on the list were personal property and which were not with the explanation [1] that such of the items as were fixtures and enhanced the value of the land, should be included, to the extent of the enhancement, in the total amount of damages awarded. On the objection of the condemnees to the instructions on account of the exclusion of the proffered testimony as to the readily removable items, the court made no further comment and overruled the objection. The jury found that all of the firmly attached items were fixtures.

---

1. Specifically, the lower court instructed the jury on this point that—

"Now, in this case, as you heard from some of the witnesses, there is some question as to whether certain items in the bar and restaurant building are fixtures or personal property. The State Roads Commission does not acquire personal property, so I instruct you that what the owners are entitled to is just compensation for the property taken, that it, the present fair market value of the land acquired as enhanced by the buildings and fixtures upon it. The State is acquiring the land and buildings, not personal properties. The buildings and fixtures are a part of the realty, and must be considered and allowed for to the extent that they enhance the value of the land to which they are affixed. Now the rule in determining whether an item is personal property or a fixture is this, as simply as I can state it. If it is actually annexed to the building or land that is being acquired, and has been so annexed with the intention of remaining permanently for use in connection with the buildings and the land, and to be essential to the purposes for which the building and land are being used, those items would be considered fixtures and would constitute a part of the building and the land that is being acquired. If the item can be removed without material damage to the building or to the item itself, it is personal property, would not be a fixture, and therefore would not be being acquired by the Commission."

As was said in *M. & C. C. of Baltimore v. Himmel,* 135 Md. 65, 107 Atl. 522 (1919), fixtures in buildings are a part of the realty and as such must be considered and compensated for to the extent they enhance the value of the land taken. But items that are personal property and therefore not actually taken, must be excluded from the compensation award. 27 Am. Jur. 2d *Eminent Domain* § 293; 4 *Nichols on Eminent Domain* § 13.13; *Marraro v. State,* 189 N. E. 2d 606 (N. Y. 1963); *Lucas v. Carney,* 149 N. E. 2d 238 (Ohio 1958).

The power of eminent domain is derived from the sovereignty of the state. The constitutional provision and the statutes enacted pursuant thereto, requiring the payment of just compensation for the taking of private property for public use, are therefore a limitation on the power, not a grant thereof. *Riden v. P. B. & W. R. R. Co.,* 182 Md. 336, 35 A. 2d 99 (1943). The basic constitutional principle is that there must be an actual taking of property or property rights before compensation is required. *Friendship Cemetery v. City of Baltimore,* 197 Md. 610, 81 A. 2d 57 (1951).

Ordinarily, the constitutional right to compensation does not extend to the owners of property that has been consequentially damaged as the result of a condemnation but not actually taken. *Friendship Cemetery v. City of Baltimore, supra.* Exceptions have been allowed where there is a partial taking of land and a diminution in the value of the remainder [2] and where the intrusion is tantamount to a deprivation of use and enjoyment of property,[3] but neither of these exceptions is applicable here.

There is in this state no constitutional provision or statute requiring compensation for damages to personal property in a condemnation of realty.[4] Consequential damages to personal

2. See Pumphrey v. Tabler, 175 Md. 498.

3. See M. & C. C. of Baltimore v. Himmelfarb, 172 Md. 628, Sanderson v. M. & C. C. of Baltimore, 135 Md. 509, and M. & C. C. of Baltimore v. Bregenzer, 125 Md. 78.

4. The General Assembly, by Chapter 52 of the Laws of 1963, enacted a statute requiring compensation for certain monetary losses theretofore not compensable. One was an allowance of reasonable costs for moving personal property to another location. But the statute does not require compensation for damages to personal property. See Code (1967 Repl. Vol.), Art. 33A (Eminent Domain), § 12.

property are not compensable. *Whiteley v. M. & C. C. of Baltimore,* 113 Md. 541, 77 Atl. 882 (1910) ; *M. & C. C. of Baltimore v. Himmel, supra.* The reason for the rule is that personalty which is not affixed to realty can be moved by the owner to another place.

*Judgment affirmed; appellants to pay the costs.*