**40** WHITEHALL CORNERS, INC., Respondent, v STATE OF NEW YORK, Appellant. [620 NYS2d 126] —In a condemnation proceeding, the defendant appeals from a judgment of the Court of Claims (Benza, J.), dated May 14, 1993, which is in favor of the claimant and against it in the principal sum of $143,850.

Ordered that the judgment is affirmed, with costs.

The claimant, Whitehall Corners, Inc., d/b/a Maria's Ristorante, operated a restaurant on premises that it leased from

Gold Mark 35 Associates (hereinafter Gold Mark). Those premises were condemned on September 12, 1988, by the defendant, the State of New York, as part of its appropriation of 2.835 acres of Gold Mark's property, for the purpose of the widening of Routes 100 and 35 in the Town of Somers, Westchester County (see, *Gold-Mark 35 Assocs. v State of New York,* 210 AD2d 377 [decided herewith]). The claimant commenced the instant proceeding, seeking compensation for trade fixtures that it had installed in the leased premises in connection with the operation of its business. After a trial, the Court of Claims rendered an award to the claimant in the principal sum of $143,850.

On appeal, the defendant argues that certain fixtures should not have been included in the court's award. In making this argument, the defendant has specifically chosen not to rely on the testimony of its own expert—testimony that was expressly rejected by the Court of Claims. Rather, asserting that only questions of law are involved on its appeal, the defendant has essentially limited its argument to an assertion that, when installed, the contested fixtures lost their separate identity and, thus, were "necessarily included in the fee award" to Gold Mark, the owner of the premises.

The fixtures at issue include floor tiles, paneling, ventilation and air conditioning equipment, a wooden storage unit located outside of the restaurant building, and various bathroom fixtures such as sinks, urinals, and toilets. Also at issue is a 200 amp circuit breaker panel that was installed in connection with the electric service needed to operate the restaurant. It is uncontroverted that all of these items were installed by the claimant, at its sole expense. Indeed, Nicholas Parenti, one of the claimant's principals, indicated that the leased premises needed extensive repairs at the time it was initially rented and that all of the improvements had to be installed in furtherance of the successful operation of the restaurant.

It is well settled that a tenant is entitled to be compensated for trade fixtures annexed to real property that has been condemned by the State in the exercise of its power of eminent domain (see, *Matter of City of New York [Allen St.],* 256 NY 236). As stated by the Court of Appeals over 30 years ago, a condemnor is obliged to pay for trade fixtures installed by a tenant "on the basis that they are part of the real property being appropriated, but, as between the owner and his tenants, they are the property of the tenant who has retained the right to remove them" (*Marraro v State of New York,* 12

NY2d 285, 292-293). Elsewhere, the Court of Appeals has observed that

"New York takes a broad view in evaluating what improvements are to be regarded as [trade] fixtures. Not only is machinery deemed a fixture 'where it is installed in such manner that its removal will result in material injury to it or the realty, or where the building in which it is placed was specially designed to house it, or where there is other evidence that its installation was of a permanent nature,' * * * but also those improvements which are used for business purposes and which would lose substantial value if removed * * *

"This formulation of the rules permits equitable treatment of the owner of fixtures * * * [and] signifies a recognition of the obvious realities confronting the business community" *(Rose v State of New York,* 24 NY2d 80, 86, quoting *Matter of City of New York [Whitlock Ave.],* 278 NY 276, 281-282; *see also, Matter of City of New York [North Riv. Water Front],* 192 NY 295, 301).

In the instant case, it is uncontradicted that the contested items were installed by the claimant in the furtherance of its business and were to remain the claimant's property upon the termination of the lease *(see, Matter of City of New York [G & C Amusements],* 55 NY2d 353, 359-360). Moreover, upon their installation, none of the contested items lost their identity as trade fixtures by becoming "structural part[s]" of the subsequently condemned premises *(Marraro v State of New York, supra,* 12 NY2d, at 292). The claimant's proof that the fixtures would lose substantial value if removed was uncontradicted, and the claimant's appraiser employed the appropriate measure of damages *(see, Rose v State of New York,* 24 NY2d 80, *supra).* Under these circumstances, the factual findings of the Court of Claims should not be disturbed, and the judgment is, therefore, affirmed. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.