■ GRISTEDE BROS. INC., Appellant, v. STATE OF NEW YORK, Respondent.— Appeal from a judgment of the Court of Claims entered upon a decision dismissing a claim for the value of fixtures installed by claimant in a store of which it was lessee upon premises subsequently appropriated by the State for Thruway purposes. The lease provides, in paragraph "21st" that upon a taking of the land for public use the lease, "at the option of the Landlord, shall become null and void, and the term cease * * * upon the date when the same shall be taken and the rent shall be apportioned as of said date"; and, further, that "No part of any award, however, shall belong to the Tenant." Upon the trial, appellant's attorney stated that the landlord's option to nullify and terminate the lease had not been exercised "in the sense that it is referred to" in the paragraph quoted and conceded that the language there employed removed "the need for an option". As both parties agree, the provision that no part of the award shall belong to the tenant serves only to deprive the tenant of any compensation for value of the *leasehold*. "Even so, the tenant retains the right to compensation for his interest in any annexations to the real property which but for the fact that the real property has been taken, he would have had the right to remove at the end of his lease [citations omitted]." (*Matter of City of New York* [*Allen St.*], 256 N. Y. 236, 243.) The Court of Claims held, however, that under paragraph "22nd" of the lease claimant had lost its right to remove fixtures by its failure to do so prior to expiration of the lease and hence that title thereto vested in the landlord and that claimant cannot recover therefor. This paragraph provides: "If after default in payment of rent or violation of any other provision of this lease, or upon the expiration of this lease, the Tenant moves out or is dispossessed and fails to remove any trade fixtures or

other property prior to such said default, removal, expiration of lease, or prior to the issuance of the final order or execution of the warrant, then and in that event, the said fixtures and property shall be deemed abandoned by the said Tenant and shall become the property of the Landlord." In support of its holding as to the effect of this paragraph as vesting in the landlord the title to fixtures not removed prior to the termination of the lease, the court cited *Matter of City of New York (Triborough Bridge)* (249 App. Div. 579, affd. 274 N. Y. 581) but that case is clearly distinguishable because the lease provisions which were there involved mandated certain improvements and stipulated without exception that fixtures *were to remain* upon the premises at the termination of the lease. In our view, the Court of Claims erred in equating the " expiration " of the lease provided for in paragraph " 22nd " and the enforced nullification and termination which, under paragraph " 21st ", might occur upon a taking for public purposes; and neither the two paragraphs read together nor the lease considered in entirety support that construction. The pertinent provisions of paragraph " 22nd " appear, on the contrary, to refer to a *voluntary* abandonment of the fixtures. The " if " clause seems to govern the entire provision, which, reduced to simplest terms, provides with respect to an expiration that *if* the tenant moves out *and* fails to remove his fixtures *prior* to such expiration, the fixtures shall be deemed abandoned to the landlord. The provision with respect to a voluntary abandonment necessarily implies time and opportunity to remove or to abandon prior to the expiration date, but the vesting of title in the State and the consequent termination of claimant's lease and of his interest in the property occurred simultaneously. Consequently, there remained no interval of time, " prior to such * * * expiration ", within which claimant could either remove the fixtures or elect *voluntarily* to abandon them. Additionally, of course, no agreement as between claimant and his lessor could justify the claimant's removal of the fixtures once title had vested in the State. It follows that claimant is entitled to an award for such of his fixtures as constituted true annexations to the realty taken. The opinion below stated: " The issue respecting the classification of the several items as fixtures or removable personal property has not been passed upon as not necessary to the decision. The issue concerning damages is not reached, likewise ". Under the circumstances and in the present state of the record, these issues can best be determined by the Court of Claims. Judgment reversed on the law and the facts and a new trial ordered, with costs to appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.