In the Matter of HELEN K. BOYD, Petitioner, against JOHN COLLINS et al., Constituting the Board of Education of Central School District No. 1, Town of Indian Lake.— Upon reargument we adhere to our original decision, decided January 12, 1960 (10 A D 2d 584). Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

BERNARD ALLYN et al., Doing Business as PLAZA DELICATESSEN, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 33731.) — Appeal from a judgment of the Court of Claims entered upon a decision which dismissed a claim for the value of fixtures installed by claimants in a store of which they were lessees, upon premises subsequently appropriated by the State for Thruway purposes. The court dismissed the claim upon the authority of *Matter of City of New York (Triborough Bridge)* (249 App. Div. 579, affd. 274 N. Y. 581) but that decision is not in point. (See *Gristede Bros. v. State of New York*, 11 A D 2d 580.) By paragraph 4 of the voluminous printed lease here involved, "movable trade fixtures" were excepted from a general annexation clause but paragraph 37, added by typewritten rider which would ordinarily control as against an inconsistent provision in the printed form, refers unqualifiedly to "trade fixtures" as thus excepted. The Court of Claims found no right of removal in the tenants. Assuming such a right may be necessary to support an award, despite an express reservation of title (cf. *Matter of City of New York [Whitlock Ave.]*, 278 N. Y. 276, 281; *Matter of City of New York [Allen Street]*, 256. N. Y. 236, 245, 248), the right follows as a necessary implication of the otherwise largely meaningless provisions above referred to and the additional provision for the surrender to the landlord at the end of the term of all improvements and additions "except trade fixtures". Indeed the language of the lease is more favorable to the lessees than that construed in the *Gristede* case (*supra*) in which a similar judgment of dismissal was reversed. In the state of the record and decision as respects the questions left undetermined, it seems preferable to remit to the Court of Claims rather than to complete the determination here. Judgment reversed on the law and the facts and a new trial ordered, with costs to appellants. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.