■ In the Matter of DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property for Baruch College in the Borough of Manhattan. MILO PRESS, INC., Respondent.—Order, Supreme Court, New York County (Stanley Parness, J.), entered November 21, 1990, which, *inter alia,* denied petitioner's motion for partial summary judgment (CPLR 3212), unanimously affirmed, without costs.

Petitioner, Dormitory Authority (the "Authority") acquired title, through a condemnation order, to the building in which claimant leased space and operated a business. Article 3 of claimant's lease provides: "All fixtures and all paneling, partitions, railings and like installations, installed in the premises at any time, either by Tenant or by Owner on Tenant's behalf, shall, upon installation, become the property of Owner and shall remain upon and be surrendered with the demised premises". The same Article also provides: "Nothing in the Article shall be construed to give Owner title to or to prevent Tenant's removal of trade fixtures, moveable office furniture and equipment".

Claimant moved from the premises and removed some items with it. Its current Notice of Claim against the Authority demands compensation for the loss of and damages sustained to certain trade fixtures totalling $2,782,590. The Authority has moved for partial summary judgment as to items which total $1,026,012 on the grounds that, these items are not "trade fixtures", are not still on the premises and that the replacement cost alleged by claimant for the items inappropriately includes sales tax.

We agree with the IAS court that triable issues exist as to the "compensability of the items as business fixtures". At this juncture, it is unclear as to what constitutes "trade fixtures" under the instant circumstances. As was stated in *J.K.S.P. Rest. v County of Nassau* (127 AD2d 121, 127), "[t]here is no single test to determine when an object is a trade rather than an ordinary fixture, and such determination is generally a mixed question of law and fact." Here, the intent of the parties cannot be easily determined from the record and must await further examination. *(Cf., Matter of City of New York [G & C Amusements],* 55 NY2d 353, 361.)

As to the question of sales tax allowance, whether sales tax is an "expenditure * * * that reasonably and necessarily [is] to be expected" *(Matter of City of New York [Salvation Army],* 43 NY2d 512, 516) for the items in question is a triable issue inappropriate for summary judgment under the instant circumstances.

Finally, while the Authority's appraiser could not locate certain items at the premises on claimant's list, and thereby argues that claimant should not be compensated for these items, a question remains as to whether the items are actually at the premises. Concur—Murphy, P. J., Wallach, Asch and Smith, JJ.