■ In the Matter of NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Doing Business as EMPIRE STATE DEVELOPMENT CORPORATION, Respondent, v NAWAM ENTERTAINMENT, INC., Doing Business as EURO WORLD, Appellant. In the Matter of NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Doing Business as EMPIRE STATE DEVELOPMENT CORPORATION, Appellant, v NAWAM ENTERTAINMENT, INC., Doing Business as EURO WORLD, Respondent. [868 NYS2d 201]—

The clauses in claimant's lease providing that all compensation awarded on a taking of the premises belonged to the landlord, and waiving the tenant's right to participate in any such award, only preclude claimant from asserting leasehold claims and from participating in any fee simple award payable to the landlord; they do not preclude claimant from asserting trade fixture claims (*see Matter of City of New York*, 256 NY 236, 243 [1931]; *Gristede Bros. v State of New York*, 11 AD2d 580 [1960]; *United States v Certain Property Located in Borough of Manhattan, City, County and State of N.Y.*, 344 F2d 142, 150-151 [2d Cir 1965]). Nor do the lease clauses making fixtures and improvements the property of the landlord upon installation while reserving to the tenant the right to remove "trade fixtures not attached or affixed to the building" equate or reduce trade fixtures to noncompensable personalty that is not in any manner or form attached or affixed to the building (*see Marraro v State of New York*, 12 NY2d 285, 292-293 [1963]; *Allyn v State of New York*, 11 AD2d 831 [1960]). Nevertheless, we affirm dismissal of the trade fixture claims, most of which involve 16 video booths and their wiring and video systems. Concerning these booths, the trial court credited the testimony of condemnor's appraiser that they were secured to the floor only by screws, and rejected the testimony of claimant's principal that the booths were sealed to the floor with silicone such that moving them would cause their bottoms to rip away. The record also establishes that claimant's store was not specially designed to house the booths, that the booths were of standard issue as opposed to any special design, and that the booths were connected by wires to VCRs and electricity and could be moved around. Given such characteristics, the booths cannot be deemed trade fixtures (*see Matter of City of New York [Kaiser Woodcraft Corp.]*, 11 NY3d 353, 361 [2008], citing *Matter of City of New York [430 E. 59th St. Corp.]*, 278 NY 276, 281-282 [1938]; *see also Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.]*, 160 AD2d 705, 706 [1990]). It does not avail claimant that the booths, if removed, would lose substantial value because they were placed in a certain order to maximize the efficiency of the space, would be difficult to sell as secondhand goods, and are obsolete (*see Kaiser Woodcraft* at 361-364). Other items claimed were correctly rejected as obvious personalty (e.g., a rubberized floor mat, fire extinguishers, a window fan, hand trucks), or because they had become an integral part of the building (e.g., an electric wall receptacle, a sprinkler system, circuit breaker distribution panels, a central air conditioning system, aluminum framed glass entry doors, wooden baseboard trim, a drywall partition) (*see Marraro*, 12 NY2d at 291 [sepa-

rate award cannot be made for fixtures if what are claimed to be fixtures have become part of the realty]), and therefore, under claimant's lease, were the landlord's property. Concerning the items that the parties stipulated were fixtures (e.g., a roll-up steel security gate, a window sign, security mirrors, wall paneling, ceramic tiling, recessed fluorescent lighting), claimant failed to meet its burden of showing that it had installed or owned such items, and thus cannot be compensated for them. Indeed, at trial, claimant presented no receipts, bills, or other evidence demonstrating that it paid for or personally installed or constructed these items. Finally, the trial court properly awarded costs to condemnor. Absent a provision in the Eminent Domain Procedure Law on the subject of costs, CPLR 8101 governs (EDPL 703). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.