■ In the Matter of VILLAGE OF SPRING VALLEY, NEW YORK. SPORT CLUB INTERNATIONAL, INC., Appellant; VILLAGE OF SPRING VALLEY, Respondent. [25 NYS3d 296]—

In a condemnation proceeding, the claimant appeals from an order of the Supreme Court, Rockland County (Tolbert, J.), entered April 14, 2015, which granted the condemnor's motion for summary judgment dismissing its claim for compensation

for the taking of its trade fixtures and, in effect, denied, as academic, its cross motion, inter alia, to direct the condemnor to exchange appraisal reports.

Ordered that the order is reversed, on the law, with costs, the condemnor's motion for summary judgment dismissing its claim for compensation for the taking of its trade fixtures is denied, and the matter is remitted to the Supreme Court, Rockland County, to determine the claimant's cross motion on the merits.

In June 2005, Sport Club International, Inc. (hereinafter SCI), entered into a written lease agreement to rent from the nonparty property owner a portion of certain premises for operation of a billiard hall. Article 3 of the lease provided that the landlord would not be given title to any trade fixtures and could not prevent SCI from removing any trade fixtures. Article 3 further provided, "[a]ll property permitted or required to be removed by [SCI] at the end of the term remaining in the premises after [SCI's] removal shall be deemed abandoned and may, at the election of the Owner, either be retained as Owner's property or may be removed from the premises by Owner at [SCI's] expense." Article 10 of the lease provided that if title to the premises was acquired in an eminent domain proceeding, SCI shall "have no claim for the value of any unexpired term of [the] lease." In February 2009, the Village of Spring Valley acquired title to the premises pursuant to an eminent domain proceeding.

In June 2009, SCI asserted a trade fixture claim for trade fixtures that remained annexed to the premises on the date the Village acquired title. Before the completion of discovery, the Village moved for summary judgment dismissing the trade fixture claim, arguing that pursuant to the terms of the lease, any trade fixtures that remained annexed to the premises on the date the Village acquired title were abandoned by SCI. SCI cross-moved to direct the Village to exchange appraisal reports and to file a note of issue and a statement of readiness, and opposed the Village's motion, arguing that the Village failed to establish a prima facie case since the lease does not preclude it from asserting a trade fixture claim.

The Supreme Court granted the Village's motion, finding that the Village established, prima facie, that articles 3 and 10 of the lease precluded SCI from asserting a trade fixture claim, and, in effect, denied, as academic, SCI's cross motion. SCI appeals, arguing that the Supreme Court should have denied the Village's motion and should have granted its cross motion.

Providing compensation to a trade fixture owner is in deroga-

tion of the common-law rule that government taking of real property encompasses the land and everything annexed thereto, including trade fixtures (*see Marraro v State of New York*, 12 NY2d 285, 293 [1963]). Under the trade fixture rule, a tenant who owns the trade fixture, but not the property to which the fixture is annexed, may seek compensation for trade fixtures it had a right to remove, but elected not to remove, and thus remained annexed to the property at the time of the taking (*see Matter of City of New York [G & C Amusements]*, 55 NY2d 353, 359-360 [1982]; *Marraro v State of New York*, 12 NY2d at 292-293; *Matter of City of New York*, 256 NY 236, 241-243 [1931]; *Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.]*, 121 AD3d 903, 907 [2014]). A tenant's right to compensation for fixtures installed on the leasehold exists despite provisions in the lease which terminate the lease in the event of a condemnation. Such provisions have been interpreted as " 'an agreement between landlord and tenant that the tenant shall receive out of the award no compensation for his leasehold interest. Even so, the tenant retains the right to compensation for his interest in any annexation to the real property which but for the fact that the real property has been taken, he would have had the right to remove at the end of his lease' " (*Matter of City of New York [G & C Amusements]*, 55 NY2d at 360, quoting *Matter of City of New York*, 256 NY at 243).

Here, pursuant to article 10, the lease terminated by operation of law on the date the Village acquired title to the property pursuant to its eminent domain powers. Moreover, a reading of articles 3 and 10 of the lease together creates an ambiguity, which raises a triable issue of fact as to whether trade fixtures will be considered "abandoned" by SCI only in circumstances where SCI voluntarily abandoned its fixtures, i.e., *"if* the tenant [SCI] moves out *and* fails to remove [its] fixtures *prior* to such expiration [of the Lease]" (*Gristede Bros. v State of New York*, 11 AD2d 580, 581 [1960]; *see Matter of Dormitory Auth. of State of N.Y. [Milo Press]*, 172 AD2d 401, 402 [1991]). Thus, the Village failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the trade fixture claim (*see Matter of City of New York [G & C Amusements]*, 55 NY2d at 359-360; *Matter of New York State Urban Dev. Corp. v Nawam Entertainment, Inc.*, 57 AD3d 249, 250 [2008]; *Matter of Dormitory Auth. of State of N.Y. [Milo Press]*, 172 AD2d at 402; *Gristede Bros. v State of New York*, 11 AD2d at 581).

In light of the Village's failure to meet its prima facie burden, we need not consider the sufficiency of the claimant's opposi-

tion papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court erred in granting the Village's motion for summary judgment dismissing the claimant's trade fixture claim. In light of our determination, we remit the matter to the Supreme Court, Rockland County, to determine the claimant's cross motion on the merits. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.