JIS Pan, LLC v Pelle & Pelle (2023 NY Slip Op 04758)

JIS Pan, LLC v Pelle & Pelle

2023 NY Slip Op 04758

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-03100
 (Index No. 616352/18)

[*1]JIS Pan, LLC, respondent, 
v
Pelle & Pelle, et al., appellants.

Pelle & Pelle, Massapequa Park, NY (Domenick A. Pelle pro se and David D. Pelle pro se of counsel), appellant pro se and for appellants Domenick A. Pelle and David D. Pelle.
Drucker & Mattia, PLLC, Jackson Heights, NY (Noah R. Drucker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for injury to property, the defendants appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated March 24, 2022. The order granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and denied the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Pelle & Pelle and its members, the defendants Domenick A. Pelle and David D. Pelle, to recover damages for injury to premises that the defendants had leased from the plaintiff. The plaintiff moved for summary judgment on the complaint, contending that certain items that the defendants had removed when they moved out of the premises were not trade fixtures, but rather were permanent fixtures of the premises. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint on the ground that the items were trade fixtures that they were entitled to remove upon vacating the premises. By order dated March 24, 2022, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and denied the defendants' cross-motion. The defendants appeal.
"Trade fixtures are articles of personal property which a tenant places upon or annexes to the leased realty for the purpose of carrying on its trade or business during the term of its lease" (J.K.S.P. Rest. v County of Nassau, 127 AD2d 121, 125; see East Side Car Wash v K.R.K. Capitol, 102 AD2d 157). "[F]or property to meet the definition of a trade fixture, it must be shown (1) that the property was annexed to the leased realty by the tenant, and (2) for the purposes of the tenant's trade or business. However, a trade fixture may not be removed unless this can be accomplished without substantial or material injury to the freehold" (J.K.S.P. Rest. v County of Nassau, 127 AD2d at 125-126; see Matter of City of New York, 192 NY 295, 302).
Here, the plaintiff demonstrated, prima facie, that the items at issue were not trade fixtures that the defendants were permitted to remove upon vacating the premises. The plaintiff's [*2]submissions in support of its motion established that the items had become integral to the property and that their removal caused material injury to the premises (see Matter of Metropolitan Transp. Auth. [Fulton St. Tr. Ctr. Project Phase 2], 81 AD3d 434, 436; Matter of New York State Urban Dev. Corp. v Nawam Entertainment, Inc., 57 AD3d 249, 250). Additionally, the plaintiff demonstrated that the items were not uniquely suited to the operation of the defendants' business (see Matter of Village of Port Chester, 42 AD3d 465, 468).
In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and denied the defendants' cross-motion for summary judgment dismissing the complaint.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court